UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WILLIAM MITCHELL and
LINDA LIGHTFOOT,　　　　　　　　　　　　　　　　　　　No. 07-11408

　　　　　　　Debtor(s).
_____/

Memorandum on Motion to Employ Broker
_____

The trustee in this Chapter 7 case, Timothy Hoffman, has applied to hire Keegan & Coppin Co., Inc., as his real estate broker to market estate commercial real property. The U.S. Trustee objects, arguing that the broker is disqualified from acting for the bankruptcy estate because one of its principals, James Keegan, owns stock in the parent company of the bank which holds the first deed of trust on the property and also sits on the board of directors of that company. This connection was duly disclosed in the application.

Section 327(a) of the Bankruptcy Code provides that the trustee may employ a professional person so long as the professional is disinterested and does not hold or represent an interest adverse to the estate.

The term "disinterested person" is defined in § 101(14) of the Code as a person who has an interest materially adverse to the bankruptcy estate. The U.S. Trustee argues that because Keegan has the interests of the parent company of the bank in mind Keegan & Coppin will have divided loyalties. The court finds this argument very weak because it presumes that the bank will have some sort of reason not to want Hoffman to find a favorable sale and that this hypothetical conflict would be significant enough to have an impact on the

1

value of stock of the bank's parent corporation. The bank's lien is only about $600,000, so it is difficult to see how this is possible. Keegan & Coppin certainly has no interest *materially* adverse to the bankruptcy estate. Nor does the court find any genuine risk that Keegan & Coppin's ability and desire to maximize a benefit to the bankruptcy estate will be impaired.

Having determined that Keegan & Coppin is disinterested as that term is defined in the Code, the court must also find that it does not hold or represent an interest adverse to the estate without regard to materiality. However, this requirement of § 327(a) is not properly applied vicariously; automatic disqualification is only required where the professional itself has an adverse interest. *In re S.S. Retail Stores Corporation,* 211 B.R. 699, 702-04 (9th Cir. BAP 1997); *In re Keravision, Inc.*, 273 B.R. 614, 616 (N.D.Cal. 2002). In this case, Keegan & Coppin does not have an adverse interest, nor does its principal James Keegan, nor does the corporation upon whose board Keegan sits. Only the bank itself has an adverse interest, and that is very slight. Keegan & Coppin is three relations removed from any adverse interest, and is accordingly not automatically disqualified pursuant to § 327(a).

That is not to say that Keegan & Coppin's distant relation to the bank is irrelevant. The court's responsibility is to exercise informed discretion in ruling upon an application for employment. To that end the court must consider whether there is a real need for the services, whether the person proposed for employment is competent to perform the services, and any other fact relevant to whether the proposed employment is appropriate. *In re Crest Mirror and Door Co., Inc.*, 57 B.R. 830, 831-32 (9th Cir. BAP 1986). In another case there might be reason to question the appropriateness of employment even where the relation to an unemployable entity was several times removed. In this case, however, the court does not find that circumstances warrant disqualification. Not only is the relationship far removed, but the bank's supposed adverse motivations are very vague and entirely hypothetical.

Even where employment of a professional is permitted, the court will sometimes seek to dissuade a trustee from employment where a question has been raised as to the professional's eligibility. In this case, however, Hoffman's reasons for wanting to employ Keegan & Coppin notwithstanding the U.S. Trustee's objection appear sound. Keegan & Coppin appears to be the best broker to successfully market the

2

commercial property Hoffman wishes to sell. The benefits to the estate outweigh the detriment of having to litigate Keegan & Coppin's eligibility.

For the foregoing reasons, the objection of the U.S. Trustee will be overruled and the employment of Keegan & Coppin approved. Counsel for Hoffman shall submit an appropriate form of order.

Dated: January 18, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge